UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　　)<br>　　　Plaintiff, 　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　　　　)　　Cause **23-cr-30003-NJR-1**<br>　　　　　　　　　　　　　　　　)<br>**Kyren Chunn**, 　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　Defendant.　　　　　　　　　) | |

## **MOTION TO DISMISS INDICTMENT**

COMES NOW Defendant, Kyren Chunn, by and through counsel, and pursuant to Fed. R. of Cr. P. 12(B)(3), and moves to dismiss the Indictment charging him with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). (Doc. 1). Defendant contends section 922(g)(1), as applied to him, is unconstitutional in violation of the Second Amendment based on the United States Supreme Court's holding in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022).

**I.**　**Section 922(g)(1) is unconstitutional as applied to Mr. Chunn because the Second Amendment's text covers the conduct at issue and there is no historical tradition of permanently disarming felons like him.**

The Second Amendment protects "the right of the people to keep and bear Arms." U.S. Const. amend. II. The Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *Dist. of Columbia v. Heller*, 554 U.S. 570, 592 (2008).

In *Bruen*, the Supreme Court clarified the operative framework for assessing Second Amendment challenges: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 142 S. Ct. at 2129. "The government must affirmatively prove" the

1

constitutionality of the firearm restriction by pointing to comparable historical firearms regulations. *Id.* at 2127.

A. **The Second Amendment's plain text covers the possession of firearms by Defendant.**

*Bruen* first requires that courts determine whether the text of the Second Amendment applies before the historical burden transfers to the Government. *See, e.g.*, *Range v. Att'y Gen.*, 69 F.4th 96, 101 (3d Cir. 2023) (en banc) (*citing Bruen*, 142 S. Ct. at 2134–35). In this case, the plain text of the Second Amendment applies to Mr. Chunn's purported possession of a firearm.

The Second Amendment's plain text covers the conduct proscribed by §922(g)(1) generally. The Second Amendment protects "the right of the people to keep and bear Arms." U.S. Const. amend. II. The Supreme Court has repeatedly held that "the people" protected under the Second Amendment includes "all Americans." *See Bruen*, 142 S. Ct. at 2156 ("The Second Amendment guaranteed to 'all Americans' the right to bear commonly used arms"); *Heller*, 554 U.S. at 581 ("[T]he Second Amendment right is exercised individually and belongs to all Americans."); *United States v. Verdugo–Urquidez*, 494 U.S. 259, 265 (1990) ("'[T]he people' protected by the Fourth Amendment, and by the First and Second Amendments . . . refers to a class of persons who are part of a national community . . . ."); *Kanter v. Barr*, 919 F.3d 437, 453 (7th Cir. 2019) (Barrett, J., dissenting) ("Neither felons nor the mentally ill are categorically excluded from our national community).

In addition, the term "'[k]eep arms' was simply a common way of referring to possessing arms.'" *Heller*, 554 U.S. at 583. Thus, the Second Amendment's plain text covers the possession of firearms by all Americans, including Mr. Chunn who is a natural born citizen of the United States. Accordingly, such conduct is presumptively lawful. 18 U.S.C. §922(g)(1) criminalizes this presumptively lawful conduct. This statutory provision makes it an offense for a person

"who has been convicted in any court of [] a crime punishable by imprisonment for a term exceeding one year" to ever possess a firearm. As such, under *Bruen*, the Government must show that 18 U.S.C. §922(g)(1) is consistent with the United States' historical tradition of firearm regulation in order to be constitutional under the Second Amendment.

> **B. The Government cannot demonstrate that § 922(g)(1) is consistent with the United States' historical tradition of firearm regulation as applied to Mr. Chunn.**

The Second Amendment applies to Mr. Chunn and thus *Bruen* instructs that "the Constitution presumptively protects that conduct" and the Government bears the burden of rebutting that presumption. 142 S. Ct. at 2126.

History does not support a permanent ban applying to all felons. Although people faced felony convictions when the Second Amendment was ratified in 1791, it is not enough to show §922(g)(1) addresses a "general societal problem that has persisted since the 18th century." *Bruen*, 142 S. Ct. at 2131. When laws address a "longstanding" problem like a general societal problem, the Supreme Court clarified that the historical inquiry is demanding: "the lack of a *distinctly similar* historical regulation addressing that problem is relevant evidence that the challenged regulation is *inconsistent* with the Second Amendment." *Id.* at 2133; 2131 (emphasis added). If "the Founders themselves could have adopted" a particular regulation "to confront [the longstanding] problem" but did not do so, then the law today is unconstitutional. *Id.* at 2131.

18 U.S.C. §922(g)(1) addresses a longstanding societal problem—the permanent disarmament of all felons. Therefore, the lack of "distinctly similar" historical regulation presents two, independent reasons for concluding that the statute is unconstitutional as applied to Mr. Chunn. First, there is no historical tradition from the time of the founding of the United

3

States of *permanently* disarming felons. Second, there is no historical tradition from the time of the founding of the United States of disarming felons like Mr. Chunn.

The Indictment alleges a predicate conviction of a crime punishable by imprisonment for a term exceeding one-year, to wit Burglary, as the trigger to Mr. Chunn's prohibition on possession of a firearm under 18 U.S.C. §922(g)(1). (Doc. 1). Mr. Chunn's conviction for Burglary is out of the state of Missouri. Mr. Chunn appears to also have prior convictions in Missouri for which the term of imprisonment could have exceeded one year (felonies) consisting of Burglary, Theft, Stealing a Motor Vehicle, Leaving the Scene of an Accident, Tampering with a Motor Vehicle, and Resisting Arrest. Mr. Chunn's prior felony convictions related to property crimes, vehicle offenses, and resisting arrest would not constitute the type of "historical tradition" that would automatically preclude him from possession a weapon as guaranteed by the Second Amendment to the United States Constitution.

Accordingly, the Government cannot meet its burden under *Bruen* to show that there were "distinctly similar" laws in the United States' history such that 18 U.S.C. §922(g)(1) would be constitutional as applied to Mr. Chunn as a citizen of the United States.

**II.     Conclusion**

Mr. Chunn respectfully requests the entry of an Order dismissing the Indictment because 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him.

Respectfully submitted,

*/s/ Ethan Skaggs*
ETHAN SKAGGS
Assistant Federal Public Defender
650 Missouri Avenue, Room G10A
East St. Louis, Illinois 62201
(618) 482-9050

ATTORNEY FOR DEFENDANT